# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MELVIN E. BEARD, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:03-0982 |
| | ) JUDGE HAYNES |
| GLEN TURNER, Warden, | ) |
| Respondent. | ) |

## O R D E R

Before the Court is the Respondent's motion for summary judgment (Docket Entry No. 22) contending in sum, that some of the Petitioner's claims concerning his trial counsel's failure to interview certain witnesses are procedurally barred or unexhausted or are untimely. Respondent also argues that the state court findings on Petitioner's guilty plea are not contrary to applicable federal law.

As to the procedural default, exhaustion and timeliness issues, from the Court's review, the specific claims at issue about Petitioner's trial counsel were presented in Petitioner's brief in the Tennessee Court of Criminal Appeals. See Docket Entry No. 5, Addendum No. 3 at pp. 6-7.

On the issue of procedural default, the Court must consider the Petitioner's entire brief in the state court. Covington v. Mills, N. 02-5659 (6th Cir. Order filed November 21, 2003). From the Court's review, Petitioner's claims at issue are not procedurally barred; are exhausted claims and are timely filed. To this extent, Respondent's motion for summary judgment (Docket Entry No. 22) is **DENIED**.

The Court must consider the cumulative effect of Petitioner's trial criminal's alleged errors and omissions. See Groseclose v. Bell, 130 F.3d 1161, 1169 (6th Cir. 1997).

Accordingly, the remainder of the Respondent's motion for summary judgment (Docket Entry No. 22) is **DENIED** without prejudice to renew after a full briefing all of the Petitioner's claims concerning his trial counsel.

It is so **ORDERED.**

**ENTERED** this the ___ day of August, 2005.

WILLIAM J. HAYNES, JR.
United Stated District Judge